RIO GRANDE STATE BK. v. STROUSE

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Apr. 6. 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

BANKS & BANKING.

(70 A) A bank may not act beyond the scope of its authority in making assessment for purposes other than those recognized by statute.

(70 A) A statute authorizing a bank to lay a pro-rata assessment when its capital is impaired, does not permit it to lay an assessment greater than that required for this purpose.

Error to Common Pleas.
Judgment affirmed.

Mooney, Hahn, Loeser & Keough, Cleveland, for State Bank.

Kennedy, Manchester, Conroy & Ford, Youngstown. for Strouse.

STATEMENT OF FACTS.

This cause came on to be heard in the court below and resulted in a judgment being di-

rected for the defendant and from which error is prosecuted in this court. The facts are, briefly as follows: The plaintiff is a banking corporation organized and doing business under the laws of the State of Colorado, having a capital stock of $15,000 divided into 150 shares of $100.00 each, and of which the defendant in error is the owner of ten shares. The directors of said bank made an assessment on each of said shares of $250.00 each and the defendant in error had notice by letter of the action of the directors and by which she was asked to remit the sum of $2500.00. The assessment was made under favor of Sec. 2660 and Sec. 2661 of the statutes of Colorado.

## BY THE COURT.

It becomes readily apparent that there are really but two issues here involved, and since the facts are so well known to counsel on both sides of this cause further or extended statement would seem to be unnecessary. It is contended upon the one hand that the assessment was made under and by authority of the above sections of the Colorado statute and in the proper amount, while on the other hand it is insisted that the resolution itself discloses that the assessment was for a purpose other and different from the one provided by statute and under authority of which the directors of the bank might assess the stock. They could act to remedy the impairment of its capital. It is readily apparent from the resolution passed in the instant case that the purpose of the assessment was not confined to the provisions of the statute but to provide a fund to take care of contingent losses that might be occasioned by some of its loans.

Therefore, it becomes readily apparent that the Directors acted beyond the scope of their authority in making the assessment, and without here making an unnecessary resume of the figures involved, it is sufficient to say that it is disclosed that at least $5200.00 was collected in addition to the amount necessary to maintain the integrity of the capital of the bank. Therefore, there are two reasons why the bank can not maintain its action in the instant case. First, because it acted beyond the scope of its authority in making the assessment for purposes other than those recognized by the statute, and second, in assessing an amount greater than that required to conserve the capital of the bank. It is not believed that extended discussion is necessary or profitable, but for the reasons given it follows that the trial court was right in directing a verdict for defendant below, and the judgment is affirmed.

(Pollock, J., concurs. Roberts, J., dissents.)